# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| Mary Dore<br><br>    Plaintiff,<br><br>v.<br><br>Novant Medical Group Inc. & Novant Health, Inc.,<br><br>    Defendants. | Case No. 3:23-cv-380-KDB-SCR<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendants Novant Medical Group Inc. ("NMG") and Novant Health, Inc. ("Novant Health") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer and state affirmative defenses to the Amended Complaint (Doc. 1) filed by Plaintiff Mary Dore ("Plaintiff").

## GENERAL DENIAL

Each and every allegation in the Complaint not hereinafter specifically admitted is denied and strict proof thereof is demanded. By way of further response, Defendants expressly deny that they are liable for Plaintiff's alleged injuries and denies that Plaintiff is entitled to any relief whatsoever, in whatever form or fashion sought therein.

## FOR A FIRST DEFENSE

Defendants answer the paragraphs set forth in Plaintiff's Complaint as follows:

### I. INTRODUCTION

1. Defendants admit only so much of Paragraph 1 as alleges that Plaintiff filed the Complaint against Defendants and the Complaint purports to state claims pursuant to the

Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* ("ADA") (Count I of the Complaint) and for wrongful discharge in violation of public policy (Count II of the Complaint), all of which claims Defendants expressly deny. All remaining allegations of Paragraph 1 not specifically admitted herein are denied.

## II. PARTIES, JURISDICTION, AND VENUE

2. Admitted.

3. Admitted.

4. Defendants admit only so much of Paragraph 4 as alleges that for a period of time, Plaintiff was employed by NMG and worked at Pineville Primary Care Clinic located at 10514 Park Road, Charlotte, North Carolina 28210, which is located in Mecklenburg County, North Carolina. All remaining allegations of Paragraph 4 not specifically admitted herein are denied.

5. Defendants admit only so much of Paragraph 5 as alleges that certain acts referenced in Plaintiff's Complaint occurred in Charlotte, North Carolina, and that during certain time periods relevant to Plaintiff's Complaint, she worked at the Pineville Primary Care Clinic located at 10514 Park Road, Charlotte, North Carolina 28210. With respect to the allegations contained in the first sentence of Paragraph 5 regarding venue, such allegations set forth a legal conclusion to which Defendants are not obligated to respond. All remaining allegations of Paragraph 5 not specifically admitted herein are denied.

## III. FACTUAL STATEMENT

6. Defendants admit that Plaintiff became employed with NMG in or around January 2015. All remaining allegations of Paragraph 6 not specifically admitted herein are denied.

7. Denied.

8. Defendants admit only so much of Paragraph 8 as alleges that Plaintiff took medical leaves of absence between December 2019 and June 2020. With respect to Plaintiff's allegation that Plaintiff's time off of work amounted to reasonable accommodations, such allegation sets forth a legal conclusion to which Defendants are not obligated to respond. Defendants are without sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 8, and therefore, deny the same.

9. Defendants admit only so much of Paragraph 9 as alleges that in or around June 2020, Plaintiff requested to work from home, which request NMG denied. With respect to Plaintiff's allegation that Plaintiff's leave of absence amounted to a reasonable accommodation, such allegation sets forth a legal conclusion to which Defendants are not obligated to respond. Defendants are without sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 9, and therefore, deny the same.

10. Defendants admit only so much of Paragraph 10 as alleges that in July 2020, Plaintiff returned to work from a leave of absence. All remaining allegations of Paragraph 10 not specifically admitted herein are denied.

11. Defendants admit only so much of Paragraph 11 as alleges that NMG placed Plaintiff on a performance improvement plan (the "PIP") on or about July 30, 2020, and that Plaintiff submitted a complaint to Human Resources on or about August 20, 2020. With respect to Plaintiff's allegation that Plaintiff's complaint constituted protected activity, such allegation sets forth a legal conclusion to which Defendants are not obligated to respond. All remaining allegations of Paragraph 11 not specifically admitted herein are denied.

12. Denied.

13. Defendants admit only so much of Paragraph 13 as alleges that Plaintiff began taking a medical leave of absence in or around December 2020, and subsequently engaged in communications regarding her return to work. With respect to Plaintiff's allegations that her leave of absence amounted to a reasonable accommodation under the ADA and that Plaintiff engaged in protected activity, such allegations set forth legal conclusions to which Defendants are not obligated to respond. Defendants are without sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 13, and therefore, deny the same.

14. Defendants admit only so much of Paragraph 14 as alleges that on or around January 11, 2021, Trish Todd sent Plaintiff copies of two complaints about Plaintiff that were submitted by patients seen by Plaintiff on or around December 23, 2020. All remaining allegations of Paragraph 14 not specifically admitted herein are denied.

15. Defendants admit only so much of Paragraph 15 as alleges that on January 22, 2021, Dr. Richard Rachima and Ms. Todd met with Plaintiff to inform her of NMG's termination of her employment, and that during that meeting, they explained that Plaintiff's performance, including her failure to improve in the areas referenced in the July 2020 PIP, resulted in termination of her employment. All remaining allegations of Paragraph 15 not specifically admitted herein are denied.

16. Defendants admit only so much of Paragraph 16 as alleges that following termination of Plaintiff's employment, Plaintiff communicated with Dr. Jacques P. Liguere about the termination decision. All remaining allegations of Paragraph 16 not specifically admitted herein are denied.

17. Defendants admit only so much of Paragraph 17 as alleges that Plaintiff appealed the termination decision and in connection with the appeal, Plaintiff met with a third-party investigator. All remaining allegations of Paragraph 17 not specifically admitted herein are denied.

18. Defendants admit only so much of Paragraph 18 as alleges that following her termination Plaintiff applied for new positions, but Defendants did not hire her for any such positions. All remaining allegations of Paragraph 18 not specifically admitted herein are denied.

19. Defendants admit only so much of Paragraph 19 as alleges that NMG upheld Plaintiff's termination, and that Defendants did not subsequently rehire or transfer Plaintiff to another position. Defendants expressly deny Plaintiff's allegation in Paragraph 19 that Plaintiff's termination was "illegal." Defendants are without sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 19, and therefore, deny the same.

20. Admitted.

## IV. LEGAL CLAIMS

### Count 1

*(Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.)*

21. Defendants reallege the foregoing fully as if restated verbatim.

22. Admitted.

23. Paragraph 23 sets forth legal conclusions to which Defendants are not obligated to respond. To the extent a response is required, Defendants deny the allegations of Paragraph 23.

24. Paragraph 24 sets forth legal conclusions to which Defendants are not obligated to respond. To the extent a response is required, Defendants deny the allegations of Paragraph 24.

25. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25, and therefore, deny the same.

26. Paragraph 26 sets forth legal conclusions to which Defendants are not obligated to respond. To the extent a response is required, Defendants deny the allegations of Paragraph 26.

27. Denied.

28. Denied.

29. Denied.

30. In response to Paragraph 30, Defendants expressly deny that Defendants engaged in any wrongful conduct or that Plaintiff suffered any injuries or damages that were caused either directly or indirectly by Defendants or for which Defendants are responsible. Defendants deny any remaining allegations of Paragraph 30.

31. In response to Paragraph 31, Defendants expressly deny that Defendants engaged in any wrongful conduct or that Plaintiff suffered any injuries or damages that were caused either directly or indirectly by Defendants or for which Defendants are responsible. Defendants deny any remaining allegations of Paragraph 31.

## Count II

### *(Wrongful Discharge in Violation of Public Policy)*

32. Defendants reallege the foregoing fully as if restated verbatim.

33. Defendants admit only so much of Paragraph 34 as alleges that Plaintiff was an at-will employee of NMG. Defendants deny any remaining allegations of Paragraph 33.

34. Admitted.

35. With respect to the first sentence of Paragraph 35, Defendants crave reference to N.C. Gen. Stat. § 143-422.2(a), the terms of which speak for itself. Defendants deny any remaining allegations of Paragraph 35.

6

36. Paragraph 36 sets forth a legal conclusion to which Defendants are not obligated to respond. All remaining allegations of Paragraph 36 not specifically admitted herein are denied.

37. Denied.

38. In response to Paragraph 38, Defendants expressly deny that Defendants engaged in any wrongful conduct or that Plaintiff suffered any injuries or damages that were caused either directly or indirectly by Defendants or for which Defendants are responsible. Defendants deny any remaining allegations of Paragraph 38.

39. In response to Paragraph 39, Defendants expressly deny that Defendants engaged in any wrongful conduct or that Plaintiff suffered any injuries or damages that were caused either directly or indirectly by Defendants or for which Defendants are responsible. Defendants deny any remaining allegations of Paragraph 39.

40. Defendants deny the relief sought in Plaintiff's WHEREFORE clause of the Complaint, including sub-paragraphs 1 through 6 and demand strict proof of Plaintiff's entitlement thereto. By way of further response, Defendants expressly deny that Defendants are liable for Plaintiff's alleged injuries and deny that Plaintiff is entitled to any relief whatsoever, in whatever form or fashion sought therein. Defendants are not required to respond to Plaintiff's jury trial demand.

**<u>FIRST AFFIRMATIVE DEFENSE</u>**
(Rule 12(b)(6))

Plaintiff's Complaint fails in whole or in part to state a claim upon which relief may be granted and must be dismissed.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**
(Failure to Exhaust Administrative Remedies)

Plaintiff's Complaint is barred in whole or in part because Plaintiff failed to exhaust all available administrative remedies.

### THIRD AFFIRMATIVE DEFENSE
(Complaint Exceeds Charge of Discrimination)

Plaintiff's Complaint is barred to the extent her allegations or claims were not included in, or exceeded the scope of, a timely-filed Charge of Discrimination.

### FOURTH AFFIRMATIVE DEFENSE
(Compliance with Laws)

Defendants' actions concerning Plaintiff were at all times reasonable, lawful, and made in good faith, and Defendants have, at all times relevant to this matter, complied with applicable law.

### FIFTH AFFIRMATIVE DEFENSE
(Good Faith)

Plaintiff's claims are barred in whole or in part because Defendants' actions with respect to Plaintiff were made in good faith and based on reasonable grounds for believing Defendants were in compliance with applicable law.

### SIXTH AFFIRMATIVE DEFENSE
(180-Day Time Bar)

To the extent Plaintiff seeks recovery for alleged violations of the ADA for discriminatory conduct occurring more than 180 days prior to the day she filed her administrative charge, such claims are time-barred.

### SEVENTH AFFIRMATIVE DEFENSE
(No Circumstances Giving Rise to an Inference of Discrimination)

Plaintiff's discrimination claims are barred in whole or in part because Plaintiff cannot identify circumstances giving rise to a reasonable inference of discrimination.

### EIGHTH AFFIRMATIVE DEFENSE
(Legitimate, Non-Discriminatory Reasons)

Plaintiff's Complaint is barred in whole or in part because any adverse action Plaintiff experienced was for legitimate, non-discriminatory reasons unrelated to Plaintiff's purported disability, request for an accommodation, or any other protected reason.

### NINTH AFFIRMATIVE DEFENSE
(No Pretext)

Plaintiff's Complaint is barred in whole or in part because Plaintiff cannot establish that the legitimate, non-discriminatory reasons for any alleged adverse action were a pretext to discriminate or retaliate against her on any basis.

### TENTH AFFIRMATIVE DEFENSE
(No But-For Causation)

Plaintiff's Complaint is barred in whole or in part because Plaintiff cannot establish that Defendants would not have taken any alleged action but for her purported disability.

### ELEVENTH AFFIRMATIVE DEFENSE
(Punitive Damages Unconstitutional)

Plaintiff fails to state any basis upon which punitive damages are recoverable against Defendants. Alternatively, Plaintiff's claims for punitive damages are barred on constitutional grounds, because Defendants did not act with malice or ill will or reckless or wanton indifference to Plaintiff's rights, but rather made reasonable, good faith efforts to comply with applicable law.

### TWELFTH AFFIRMATIVE DEFENSE
(Election of Remedies)

To the extent Plaintiff asserts multiple claims for the same alleged injury, Plaintiff's recovery, if any, may be barred in whole or in part by the doctrine of election of remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Proximate Cause)

To the extent Plaintiff suffered damages, the existence of which being expressly denied, Plaintiff's damages were not proximately caused by Defendants and were caused by others,

including Plaintiff herself.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

Plaintiff's damages, if any, must be reduced to the extent that she has failed to make reasonable and adequate efforts to mitigate her alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Offset of Damages)

Plaintiff's damages, if any, must be offset by any forms of income or compensation that Plaintiff received since her termination, including, without limitation, compensation or wages from other employers or sources (including self-income).

## SIXTEENTH AFFIRMATIVE DEFENSE
(After-Acquired Evidence)

To the extent Plaintiff suffered any damages, which is expressly denied, Plaintiff's damages may be barred in whole or in part by the after-acquired evidence doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(Equitable Defenses)

Plaintiff's Complaint is barred in whole or in part by the doctrines of estoppel, waiver, laches, consent, and/or unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE
(Reservation of Rights)

Defendants reserve the right to assert and rely upon any further defenses that may be revealed through the course of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request that the Court grant it the relief sought below:

1. Dismiss Plaintiff's Complaint in its entirety with prejudice;

2. Order Plaintiff to pay Defendants' costs, expenses, and attorneys' fees reasonably incurred in the defense of this action; and

3. Render to Defendants any additional relief that the Court deems just and proper.

s/ Nikole Setzler Mergo
Nikole Setzler Mergo (Federal ID No. 7410)
(N.C. Bar No. 27292)
Kamri N. Barber (N.C. Bar No. 60375)
MAYNARD NEXSEN PC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, South Carolina 29202
803.771.8900
nmergo@maynardnexsen.com
kbarber@maynardnexsen.com

September 5, 2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| Mary Dore,<br><br>    Plaintiff,<br><br>v.<br><br>Novant Medical Group Inc. & Novant Health, Inc.,<br><br>    Defendants. | Civil Action No. 3:23-cv-380-KDB-SCR |

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, I electronically filed the foregoing DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Sean F. Herrmann, Esq.
> Kevin P. Murphy, Esq.
> Herrmann & Murphy, PLLC
> 400 Clarice Ave, Suite 100
> Charlotte, North Carolina 28204
> sean@herrmannmurphy.com
> kevin@herrmannmurphy.com

Respectfully submitted,

> s/ Nikole Setzler Mergo
> Nikole Setzler Mergo (Federal ID No. 7410)
> (N.C. Bar No. 27292)
> MAYNARD NEXSEN PC
> 1230 Main Street, Suite 700 (29201)
> Post Office Drawer 2426
> Columbia, South Carolina 29202
> 803.771.8900
>
> *ATTORNEY FOR DEFENDANTS*